RECEIVED

DEC 19 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| JOHN FORD DIETZ | CIVIL ACTION NO. 08-0521 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| ANNE BENNETT MORRISON DIETZ | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the Motion to Dismiss Based on Lack of Personal Jurisdiction filed by defendant, Richard Morrison ("Morrison"), be granted in part and denied in part [Doc. 27]. Mr. Morrison and plaintiff John Ford Dietz filed Objections to Magistrate Judge Hill's Report [Docs. 31 & 33]. After consideration of the Report and the Objections, this Court AFFIRMS the findings of the magistrate judge that this Court does not have personal jurisdiction over Mr. Morrison under the "conspiracy theory of jurisdiction" or under the theory of general jurisdiction. With respect to whether this Court has specific personal jurisdiction over Mr. Morrison, the matter is REMANDED to the magistrate judge for clarification, for the reasons to follow.

The issue for consideration before this Court is whether this Court has personal jurisdiction over defendant Richard Morrison. Mr. Morrison is a resident of California.[1] On September 24, 2008, the magistrate judge issued a Report and Recommendation, wherein the magistrate judge found the following: (1) this Court does not have general jurisdiction over Morrison; and (2) this

---

[1] The factual and procedural background of this matter is set forth by the magistrate judge in his Report and Recommendation and will not be re-stated here. For the sake of clarity, however, this Court notes the plaintiff in this matter is the ex-husband of defendant Anne Morrison Dietz, and defendant Richard Morrison is Mrs. Dietz's brother.

Court has specific personal jurisdiction over plaintiff's defamation and civil conspiracy to commit defamation claims against Mr. Morrison, but does not have specific personal jurisdiction over plaintiff's claims against Mr. Morrison for extortion, intentional infliction of emotional distress, and tortious damage to, and interference with, personal and real/immovable property. The magistrate judge also found the "conspiracy theory of jurisdiction" does not grant this Court personal jurisdiction over Mr. Morrison [Doc. 27]. Both plaintiff and Mr. Morrison have filed objections [Docs. 31 & 33].

I. **Legal Analysis - Objections to Magistrate's Report and Recommendation**

　　A. **"Conspiracy Theory of Jurisdiction"**

As an initial matter, the plaintiff contends the magistrate judge erred when he found the "conspiracy theory of personal jurisdiction" is not applicable.[2] As the magistrate judge pointed out, plaintiff has cited no authority from the Fifth Circuit indicating the Fifth Circuit has adopted this theory as a basis for exercising personal jurisdiction, and the magistrate judge's independent research shows there are no Fifth Circuit cases specifically addressing this issue. However, at least one district court case from within this circuit has rejected the "conspiracy theory of jurisdiction." *See, e.g., Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 608-09 (E. D. Tex. 1994). Significantly, the cases cited by plaintiff in support of his argument that such a theory applies in the Fifth Circuit are *district court decisions* from *outside* the Fifth Circuit. This Court does not find those cases binding or persuasive in light of the absence of such a theory within the Fifth Circuit. This Court agrees with

---

[2] Plaintiff argues a separate basis for personal jurisdiction can be found within the language of *U.S. v. Philip Morris Inc.*,116 F.Supp.2d 116, 122 (D.D.C. 2000) (*citing Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir.1997), which suggests a conspiracy theory of jurisdiction where a court has personal jurisdiction over the co-conspirator of a non-resident defendant due to overt acts committed by the co-conspirator in the forum in furtherance of the conspiracy, the co-conspirator is deemed the non-resident defendant's "agent" for purposes of the long-arm statute.

2

the magistrate judge's findings, analysis and recommendation and also, declines to extend the concepts of personal jurisdiction beyond those already defined by Louisiana law and recognized within this circuit. Consequently, this objection has no merit and is DENIED.

### B. General Law of Personal Jurisdiction

Plaintiff objects to the magistrate judge's findings and recommendations as to the exercise of personal jurisdiction. As a general matter, a federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 418 ($5^h$ Cir. 1993). Louisiana's long-arm statute has been specifically amended to permit service of process to the full extent permitted by the due process clause of the United States Constitution. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). Thus, the statutory and constitutional inquiries merge. *Id.*

The due process clause of the Fourteenth Amendment, as interpreted by the Supreme Court, permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has established "minimum contacts" with the forum state and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The "minimum contacts" prong of the inquiry may be further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Gundle Lining Construction Corporation v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

3

The magistrate judge found Mr. Morrison's contacts with Louisiana are not "continuous and systematic contacts," and, therefore, this Court cannot exercise "general" personal jurisdiction over Mr. Morrison. This Court agrees with both the analysis set forth by the magistrate judge on the issue of general jurisdiction and the magistrate judge's finding on this issue. Plaintiff has presented no evidence or argument to convince this Court the magistrate judge was in error on this issue. Therefore, this Court concludes plaintiff's objection asserting general jurisdiction exists in this case is without merit, and plaintiff's objection is DENIED.

### C. Specific Personal Jurisdiction

The remaining objections filed by both parties focus on the issue of whether the magistrate judge properly ruled this Court has – or does not have – *specific* personal jurisdiction over Mr. Morrison with respect to each of the claims alleged by the plaintiff in his complaint against Mr. Morrison. A brief overview of the legal framework is in order.

The district court's exercise of specific personal jurisdiction is appropriate only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action asserted. *Gundle Lining*, 85 F.3d at 205 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984)). To exercise specific personal jurisdiction, the court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. *Id.* at 205.

The Fifth Circuit, in *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 275 (5th Cir. 2006), held specific personal jurisdiction is a *claim-specific inquiry*, and a plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction

4

*with respect to each claim.* The Fifth Circuit specifically held if a defendant does not have enough contacts to justify the exercise of *general* jurisdiction, the Due Process Clause prohibits the exercise of *specific* jurisdiction over any claim that does not arise out of, or result from, the defendant's forum contacts. *Id.* at 274-275.

Because this Court agrees with the magistrate judge's finding that *general* jurisdiction does not exist in this case, each of the plaintiff's claims against Mr. Morrison must be analyzed separately in order to determine whether or not this Court can exercise *specific* jurisdiction over Mr. Morrison with respect to each separate claim, based on Mr. Morrison's actual contacts with Louisiana *as they relate to each claim.*

Before this Court can address each claim, it is necessary to discuss the proceedings that were conducted below, for those proceedings dictate the legal standard to be applied to Mr. Morrison's motion to dismiss. In *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008), the Fifth Circuit stated:

> When the defendant disputes the factual bases for jurisdiction, as [defendant] does here, the court may receive interrogatories, depositions, or "any combination of the recognized methods of discovery" to help it resolve the jurisdictional issue. The court has discretion as to the type and amount of discovery to allow. ***But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts. Moreover, at this stage the plaintiff is required to present only a prima facie case for personal jurisdiction.***
>
> Ultimately, the plaintiff must show by a preponderance of the evidence that jurisdiction is proper. Often, the determination of whether this standard is met is resolved at trial along with the merits. This is especially likely when the jurisdictional issue is intertwined with the merits and therefore can be determined based on jury fact findings. In this situation, it is often "preferable that [the jurisdictional] determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." ***But this court has said that after a pretrial evidentiary hearing confined to the jurisdictional issue, where both sides have the opportunity to present their***

5

> *cases fully, the district court can decide whether the plaintiff has established jurisdiction by a preponderance of the evidence.*

(emphasis added) (internal citations omitted). *See also Latshaw v. Johnston*, 167 F.3d 208, 213 (5th Cir. 1999) (in no-evidentiary-hearing situation, court is constrained to accept plaintiff's allegations as true; while additional testimony or evidence adduced at hearing or trial might mandate different conclusion, for purposes of jurisdiction, all plaintiff need show is *prima face* case for jurisdiction). The foregoing emphasizes that, in a case where no full evidentiary hearing has been conducted, the plaintiff need only present a *prima facie* case for jurisdiction, as opposed to the more burdensome "preponderance of the evidence" standard.

It is clear the party seeking to invoke the jurisdiction of the district court bears the burden of establishing sufficient contacts for personal jurisdiction, as follows:

> Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court. *In satisfying the above burden, when the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to constitute a prima facie case of personal jurisdiction*. Addressing this issue in *D.J. Investments*, this Court stated that,

> *[T]he party who bears the burden need only present a prima facie case for personal jurisdiction; proof by a preponderance of the evidence is not required. Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.*

*WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989), *citing D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545-46 (5th Cir.1985) (emphasis added) (citations omitted).

The Fifth Circuit has made clear the "prima facie" standard is to be applied in cases where the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, *i.e.*, without a full evidentiary hearing. In *Walk Haydel*, the court provided guidance as to what constitutes a "full" hearing for purposes of determining personal jurisdictional issues:

> A pretrial evidentiary hearing is intended to serve as a substitute for the resolution of factual and legal disputes relevant to jurisdiction at trial. As such, both parties must be allowed to submit affidavits and to employ all forms of discovery, subject to the district court's discretion and as long as the discovery pertains to the personal-jurisdiction issue. Furthermore, if requested by the parties, the district court often should convene a hearing where it entertains live testimony.

517 F.3d at 242. In *Walk Haydel*, the Fifth Circuit observed a full evidentiary hearing was *not* conducted where the district court substantially curtailed the amount of discovery that could be obtained on the personal jurisdiction issue and did not permit live testimony that would have helped resolve factual disputes dispositive of the jurisdictional question. *Id.* at 242. This Court notes in some circumstances, a full evidentiary hearing is considered to have been conducted even where no evidence is actually presented, if the Court invites the presentation of evidence, but no party submits any. *See, e.g., Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).[3]

In the instant case, it is not clear whether the magistrate judge conducted a full evidentiary hearing on the motion to dismiss, or whether he merely considered the briefs, any documentary evidence attached, and the oral argument of the parties. The record shows the magistrate judge conducted an in-court proceeding to address the instant motion. The minutes of magistrate judge's

---

[3] This Court notes an unpublished Fifth Circuit opinion, *Kwik-Copy Corp. v. Byers*, 2002 WL 1021889 (5th Cir. 2002), in which the court held where a district court relied on "affidavits plus discovery materials" but entertained no live testimony, the district court had not conducted a "full evidentiary hearing" for purposes of determining personal jurisdiction. The Court cites the foregoing case only because of the absence of abundant caselaw in the Fifth Circuit on the issue of what constitutes a "full" evidentiary hearing.

proceeding refer to a "hearing" during which oral argument was conducted and one exhibit was introduced by Mr. Morrison. It does not appear the magistrate judge heard any live testimony, however, the proceeding lasted one and a half hours. In his objections, Mr. Morrison states the hearing conducted below was "an evidentiary hearing to determine if any actionable tort had been committed on Plaintiff by Defendant sufficient to justify personal jurisdiction over a non-resident Defendant." Plaintiff does not object to that characterization of the hearing. It also appears the magistrate judge considered the affidavits the parties attached to their briefing on the motion in deciding the motion.

The Report issued by the magistrate judge however, does not clarify the matter. In his Report, the magistrate judge stated he was applying the *prima facie* standard, which would apply had the magistrate judge *not conducted* a full evidentiary hearing, as the *prima facie* standard is the proper standard to apply when no evidentiary hearing has been conducted. However, notwithstanding the magistrate judge's declaration, it appears the magistrate judge's analysis went one step beyond a *prima facie* inquiry and considered the *merits* of the claims themselves in determining whether this Court has personal jurisdiction over Mr. Morrison in connection with each of the plaintiff's claims, thereby applying the "preponderance of the evidence" standard – the standard which applies when a full evidentiary hearing has been conducted. If, indeed, the magistrate judge conducted a full evidentiary hearing on the motion, *Walk Haydel* states the "preponderance of the evidence" standard is appropriately applied. If, however, a full evidentiary hearing was *not* conducted, the *prima facie* standard should have been applied. The magistrate judge stated in his Report he applied a *prima facie* standard, however the analysis employed indicates a "preponderance of the evidence" standard.

As it is not clear from the record itself whether the magistrate judge conducted a full evidentiary hearing, and therefore, what the appropriate legal standard to be applied in resolving the instant motion, nor what legal standard was actually employed, this matter is REMANDED for clarification of the record as to the following: (1) Whether the magistrate judge conducted a full evidentiary hearing as contemplated by the jurisprudence in connection with the motion to dismiss; and (2) what standard the magistrate judge actually employed in reviewing the motion to dismiss. After clarification of the foregoing issues and consideration of the applicable law regarding the standard to be applied, a Supplemental Report and Recommendation for this Court's consideration shall issue, applying the appropriate standard of review in light of the clarification discussed herein.

## II. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion to Dismiss Based on Lack of Personal Jurisdiction [Doc. 4] filed by defendant Richard Morrison is GRANTED IN PART, as follows:

IT IS ORDERED that plaintiff's objection to the magistrate judge's finding that this Court does not have personal jurisdiction over Mr. Morrison under the "conspiracy theory of jurisdiction" has no merit and is DENIED, and the magistrate judge's finding is AFFIRMED. This Court concludes it does not have personal jurisdiction over Mr. Morrison on the basis of the "conspiracy theory of jurisdiction."

IT IS FURTHER ORDERED that plaintiff's objection to the magistrate judge's finding that this Court does not have general jurisdiction over Mr. Morrison has no merit and is DENIED, and the magistrate judge's finding is AFFIRMED. This Court concludes it does not have general jurisdiction over Mr. Morrison.

With respect to the issue of specific personal jurisdiction and all findings made by the magistrate in connection therewith, IT IS ORDERED that this matter is REMANDED to the magistrate judge for clarification and reconsideration as provided herein. On remand, the magistrate judge shall clarify the record as to the following: (1) Whether the magistrate judge conducted a full evidentiary hearing in connection with the motion to dismiss; and (2) what standard the magistrate judge actually employed in reviewing the motion to dismiss. After clarification of the foregoing issues and consideration of the applicable law regarding the standard to be applied, a Supplemental Report and Recommendation shall issue, applying the appropriate standard of review in light of the clarification discussed herein.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 19 day of December, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

12-19-08