**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **JOHN FORD DIETZ** | * | **CIVIL ACTION NO. 08-0521** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **ANNE BENNETT MORRISON DIETZ, ET, AL** | * | **MAGISTRATE JUDGE HILL** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This matter has been remanded to the undersigned for the purpose of clarifying the original Report and Recommendation filed herein. [Record Doc. 42]. The remand is for the purpose of clarifying whether the undersigned conducted a full evidentiary hearing in connection with the motion to dismiss and what standard the undersigned employed in reviewing the motion to dismiss. This Supplemental Report and Recommendation follows.

The undersigned ordered the transcript of the hearing filed of record herein. [Record Doc. 43]. My review of that transcript, as well as my recollection of the proceedings, leads me to conclude that while evidence was submitted, both as attachments to the pleadings and at the hearing, the undersigned did *not* conduct what could be termed a "full evidentiary hearing" in this case.

While it is not completely clear what, in the Fifth Circuit, constitutes a "full evidentiary hearing",[1] the proceedings conducted by the undersigned on this motion fall short of providing reasonable notice and the opportunity to be fully heard.  Accordingly, the undersigned clarifies that a "full evidentiary hearing" was *not* held in this case.

Where there is a dispute between the parties on the factual bases for jurisdiction, the court may receive interrogatories, depositions or other factual evidence submitted by the parties.  That occurred in this case.  Where the court does not hold a "full evidentiary hearing", the court must construe all disputed facts in the plaintiff's favor and the plaintiff is required to present only a *prima facie* case for personal jurisdiction.  *Walk Haydell & Associates, Inc., v. Coastal Power Production Company,* 517 F. 3d 235 (5th Cir. 2008).

**GENERAL JURISDICTION AND CONSPIRACY THEORY OF JURISDICTION**

For those reasons set out in the original Report and Recommendation the undersigned finds that the conspiracy theory of jurisdiction is not available in the Fifth Circuit and finds that this court cannot exercise general personal jurisdiction over the defendant, Morrison.

**SPECIFIC JURISDICTION**

Of course, the question of specific personal jurisdiction is a claim-specific inquiry. Where the plaintiff brings multiple claims that arise out of different forum contacts, the

---

[1] See *Kwik-Kopy Corp., v. Byers,* 37 Fed.Appx., 90 (5th Cir. 2002); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320 (5th Cir. 1996); and *Walk Haydell & Associates, Inc., v. Coastal Power Production Company,* 517 F. 3d 235 (5th Cir. 2008).

plaintiff must establish specific jurisdiction for each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006).

So as to be clear, each individual claimed brought by the plaintiff against the defendant, Morrison, will be addressed, albeit briefly, below.

### **Defamation**

For those reasons set out in the original Report and Recommendation filed herein, at pages 13-15, the undersigned finds that specific personal jurisdiction exists as to this claim.

### **Intentional infliction of emotional distress**

The undersigned has reviewed the objections to the original Report and Recommendation filed by the plaintiff herein. In part, the plaintiff argues that the undersigned failed to consider the plaintiff's allegations that, in addition to the e-mails, telefaxed letter and telephone calls to the plaintiff's mother, the defendant blocked the plaintiff, and the plaintiff's parents, from having access to the children. The plaintiff is correct; the undersigned did not consider those allegations. This was error.

While the undersigned has considerable doubt that the plaintiff can prevail on this claim, that is not the issue at this stage of the proceedings. Rather, the issue at this point is whether or not the plaintiff's allegations, taken as true, constitute a *prima facie* case for the exercise of personal jurisdiction. The undersigned concludes that the plaintiff's allegations, taken as true, are sufficient to make a *prima facie* case, and therefore finds

that specific personal jurisdiction exists as to this claim.

**Extortion**

For those reasons set out in the original Report and Recommendation filed herein, at pages 18-19, the undersigned finds that specific personal jurisdiction does not exist as to this claim.

**Interference with personal and real/immovable property rights and interests**

For those reasons set out in the original Report and Recommendation filed herein, at pages 20-21, the undersigned finds that specific personal jurisdiction does not exist as to this claim.

**Civil conspiracy**

For those reasons set out in the original Report and Recommendation filed herein, the undersigned reiterates his holding that the actionable claim in a civil conspiracy is the tort, and not the conspiracy. [Record Doc. 27, page 22]. Since the undersigned has recommended herein that this court exercise specific personal jurisdiction over the defendant, Morrison, on the plaintiff's claims for defamation and the intentional infliction of emotional distress, it follows that this court should also exercise specific personal jurisdiction over Morrison for the alleged conspiracy to commit those two torts.

As to the alleged conspiracy to commit the remaining torts, the undersigned finds that specific personal jurisdiction does not exist in this case.

**Conclusion**

Accordingly, **IT IS RECOMMENDED** that the motion to dismiss be **granted in part and denied in part**. Specifically, **IT IS RECOMMENDED** that this court **deny** the motion to dismiss on the claims by the plaintiff against the defendant, Morrison, for defamation, the intentional infliction of emotional distress and for civil conspiracy to commit those two torts. **IT IS FURTHER RECOMMENDED** that this court **grant** the motion to dismiss for lack of personal jurisdiction against the defendant, Morrison, on all other claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79**

**F.3d 1415 (5th Cir. 1996).**

August 6, 2009, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE