RECEIVED
AUG 27 2009
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN FORD DIETZ | CIVIL ACTION NO. 08-0521 |
| VERSUS | JUDGE DOHERTY |
| ANNE BENNETT MORRISON DIETZ | MAGISTRATE JUDGE HILL |

### ORDER

For the reasons stated in the Memorandum Ruling dated August _26_, 2009.

IT IS HEREBY ORDERED that the Motion to Dismiss Based on Lack of Personal Jurisdiction [Doc. 4] filed by defendant Richard Morrison is GRANTED IN PART AND DENIED IN PART, as follows:

IT IS ORDERED that the magistrate judge's findings with respect to specific personal jurisdiction over Mr. Morrison are AFFIRMED IN PART AND REVERSED IN PART. This Court concludes it has specific personal jurisdiction over Mr. Morrison in connection with plaintiff's claims for defamation, intentional infliction of emotional distress, and certain aspects of plaintiff's extortion claim, but does not have specific personal jurisdiction over Mr. Morrison in connection with plaintiff's claim for tortious damage to, and interference with, personal and real/immovable property.

With respect to plaintiff's extortion claim, IT IS ORDERED THAT to the extent plaintiff's claims of extortion are based on allegations Mr. Morrison attempted to extort property from plaintiff by threatening "hardball" tactics including attempting to collect alleged arrearages in child support,

attorney fees and certain property located in Mexico which Mr. Morrison alleges his sister, the plaintiff's ex-wife, is entitled to retain, the magistrate judge's findings are AFFIRMED, and Mr. Morrison's motion to dismiss the foregoing claims is GRANTED, as the foregoing allegations do not constitute extortion as a matter of law. However, to the extent plaintiff's extortion claim is based on allegations Mr. Morrison threatened either plaintiff or plaintiff's parents with restricted access to plaintiff's children, this Court concludes such contacts are sufficient to establish personal jurisdiction over Mr. Morrison in this forum. Therefore, Mr. Morrison's motion to dismiss any such claims is DENIED, as this Court concludes the plaintiff has presented a *prima facie* case of extortion with respect to such allegations.

Therefore, IT IS ORDERED that Mr. Morrison's motion to dismiss plaintiff's claims of defamation, intentional infliction of emotional distress, and extortion is DENIED, and Mr. Morrison's motion to dismiss plaintiff's claim of tortious damage to, and interference with, personal and real/immovable property is GRANTED.

IT IS FURTHER ORDERED that a *prima facie* case has been made that Article 2324 has application in this case, such that Article 2324 could, potentially, operate to permit a court or jury to conclude Mrs. Morrison Dietz "conspired," as contemplated by Article 2324, with Mr. Morrison to defame plaintiff, inflict emotional distress on plaintiff, and extort him. Thus, to the extent Article 2324 grants plaintiff an additional avenue to pursue his underlying torts, plaintiff has made a *prima facie* case for its application sufficient to allow the exercise of personal jurisdiction.

IT IS FURTHER ORDERED that the parties shall file pocket briefs, affidavits and any discovery as it relates to the issue of jurisdiction within 15 days of the date of this Ruling, addressing the issue of this Court's jurisdiction. Should any party not be able to file their pocket brief within the delays set forth herein, they shall contact this Court within 5 days of this ruling to explain why

the deadline is not feasible.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this __26__ day of August, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE