RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R MOORE, CLERK
DATE 11/03/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN FORD DIETZ | CIVIL ACTION NO. 08-0521 |
| VERSUS | JUDGE DOHERTY |
| ANNE BENNETT MORRISON DIETZ | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court are the parties' briefs addressing the issue of subject matter jurisdiction, ordered by the Court *sua sponte* on August 27, 2009 [Docs. 51 & 67].[1] Because this Court concludes it lacks subject matter jurisdiction over the instant case, the case is REMANDED to the 15th Judicial District Court for the Parish of Vermilion, Louisiana.

Jurisdictional issues can be raised by the parties or by the court *sua sponte* at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The instant case was originally filed by the plaintiff, a citizen and resident of the state of Louisiana at the time of filing, in the 15th Judicial District Court for the Parish of Vermilion, Louisiana, against defendant Richard Morrison, a resident and domiciliary of the state of California both currently and at the time of filing, and Anne Morrison Dietz, whose domicile is at issue in the instant case. In plaintiff's original petition, plaintiff alleges Mrs. Dietz is a "citizen of the United States who is currently a resident of

---

[1] Although defendant Richard Morrison was given the opportunity to file a *pro se* brief addressing the issue of jurisdiction, he did not file one. Although originally ordered on **August 27, 2009**, because of the immediate filing of motions to withdraw by counsel in this matter, there was considerable confusion regarding when the jurisdictional briefs were due. Therefore, on October 8, 2009, this Court issued a Minute Entry setting the deadline for submission of Mr. Morrison's jurisdictional brief within fifteen days of the date of that Minute Entry. However, on or around October 16, 2009, Mr. Morrison contacted this Court via telephone and requested an extension of time to file his brief. Because Mr. Morrison is acting *pro se*, this Court granted the exception and set Mr. Morrison's deadline on November 2, 2009. No brief has been filed to date.

the Country of Mexico." Mr. Morrison removed the instant lawsuit to this Court on April 11, 2008 on grounds there was complete diversity of citizenship between the parties [Doc. 1]. In her Answer filed on May 12, 2008, Mrs. Dietz admits her citizenship status as alleged by plaintiff [Doc. 13].

On August 27, 2009, this Court *sua sponte* raised the issue of this Court's subject matter jurisdiction, noting the citizenship status of Mrs. Dietz [Docs. 41 & 42]. The parties were ordered to file pocket briefs addressing the issue. Those briefs are now before the court.

Notwithstanding her admission in her Answer, Mrs. Dietz now takes the position that although she is *presently* a citizen of the United States and a resident of Mexico, at the time the plaintiff filed the instant lawsuit, she was "a citizen of California" by virtue of the fact that she was under a court order to be in her brother's custody in California during that time period. As Mrs. Dietz explains in her jurisdictional brief, during a previous child custody proceeding that went to trial in the Western District of Louisiana,[2] after removing the children from the jurisdiction of the Court during that proceeding and taking the children "home" to Mexico, Magistrate Judge Hill issued a bench warrant for the arrest of Mrs. Dietz. Mrs. Dietz was subsequently arrested in Mexico, returned to the United States, and ordered into the custody of her brother, who resides in California, until trial. Thus, for the period December 23, 2007 through April 16, 2008, Mrs. Dietz contends she "resided" with her brother in California. Plaintiff filed the instant lawsuit on February 28, 2008.[3] It is by virtue of this court order that Mrs. Dietz contends she was a "citizen" of California on the date the instant lawsuit was filed.

---

[2] The child custody dispute was tried before Magistrate Judge C. Michael Hill on June 3, and 4, 2008. See *Dietz v. Dietz*, Civil Action No. 07-1398.

[3] The instant case was removed to this Court on April 11, 2008.

2

In his brief, plaintiff contends this Court lacks subject matter jurisdiction over the instant case, as Mrs. Dietz is "stateless" and, therefore, her presence as a defendant in the case destroys complete diversity. This Court agrees.

Diversity jurisdiction is governed by 28 U.S.C. §1332, which states in relevant part:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > **(1)** citizens of different States;
> >
> > **(2)** citizens of a State and citizens or subjects of a foreign state;
> >
> > **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. §1332.

By virtue of the fact that she is a United States citizen but a resident of Mexico, Mrs. Dietz is what the law refers to as a "stateless" individual. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-829, 109 S.Ct. 2218, 2221 (1989) ("The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore "stateless" for purposes of §1332(a)(3)."). Subsection 1332(a)(2), which confers jurisdiction in the district court when a citizen of a state sues aliens only, cannot be satisfied because Mrs. Dietz is a United States citizen.

When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet

the requirements of the diversity statute for *each* defendant or face *dismissal*. *Newman-Green, Inc.*, 490 U.S. at 829. Here, Mrs. Dietz's "stateless" status destroys complete diversity under §1332(a)(3), and her United States citizenship destroys complete diversity under §1332(a)(2).

As previously noted, Mrs. Dietz was under a court order to live in California at the time the instant lawsuit was filed. Although this Court has been unable to find any cases addressing the issue in the Fifth Circuit, the Sixth Circuit has addressed the issue of citizenship and domicile when physical custody is compelled by force or law. In *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973), the court considered the question of whether a federal prisoner could show that he had acquired domicile in the state of his incarceration. The Court held:

> We hold that a litigant will not be precluded from establishing a domicile within a state for purposes of federal diversity jurisdiction solely because his presence there initially resulted from circumstances beyond his control. We recognize the importance of considering physical or legal compulsion in determining whether domicile is gained or lost, *but we limit the application of involuntary presence to its operation as a presumption ordinarily requiring more than unsubstantiated declarations to rebut.*

*Stifel*, 477 F.2d at 1126 (emphasis added).

In the absence of Fifth Circuit jurisprudence addressing this issue, and finding the reasoning in *Stifel* to be consistent with the underlying rationale and policy considerations of the diversity jurisdiction statute, this Court finds the *Stifel* decision persuasive and applicable to the instant case. Here, the Court is presented with nothing more than an unsubstantiated declaration from Mrs. Dietz that, at the time she was ordered into her brother's custody in California, she intended to remain in California indefinitely. Pursuant to *Stifel*, this Court accepts Mrs. Dietz's involuntary presence in California as a "presumption . . . requiring more than unsubstantiated declarations to rebut." Based on the record before this Court, there is evidence in the record that, on its face, rebuts the

presumption that Mrs. Dietz intended to remain in California. This Court has reviewed the record in this matter, which shows that, contrary to the unsubstantiated declaration of Mrs. Dietz that she intended to remain in California, Mrs. Dietz left California as soon as she was no longer under a court order to be there. Indeed, Magistrate Judge Hill vacated the conditions of release – the order that required Mrs. Dietz to be placed in her brother's custody in California – on April 15, 2008.[4] In her jurisdictional brief, Mrs. Dietz states she ceased "residing" in California on August 16, 2008. ***Therefore, Mrs. Dietz moved from California – and back to Mexico – just one day after the court order requiring her to be in California was vacated.*** Thus, the record, on its face, strongly rebuts the presumption that Mrs. Dietz intended to remain in California indefinitely of her own free will.

Furthermore, on page 5 of her jurisdictional brief, Mrs. Dietz states she "made the imprudent decision to remove the children from the jurisdiction of the Court and return *home* [Mexico] via Greyhound Bus." Thus, even in her jurisdictional brief, Mrs. Dietz tellingly refers to Mexico as "home." Finally, this Court takes judicial notice of and has conducted a review of the transcript from the trial in the child custody case. During that trial, which began on June 3, 2008, Mrs. Dietz testified under oath – at a time when her citizenship *vis-a-vis* the instant matter was not at issue – that she currently resided in Mexico, and that the primary matrimonial residence during the marriage was Mexico. Although the issue of residency – both her own and that of her children – was at issue throughout the child custody trial, Mrs. Dietz never testified that she resided in California or intended to reside in California or any other state in the United States. This Court takes judicial notice of Mrs. Dietz's testimony in the child custody case to rebut the presumption that she intended

---

[4] *See Dietz v. Dietz*, Civil Action No. 07-1398, Doc. 59.

– at any time – to voluntarily reside or remain in California.[5]

In *Newman-Green, Inc.*, the issue before the Court was not whether to remand or dismiss the case for lack of complete diversity jurisdiction. Rather, the issue before the Supreme Court in *Newman-Green, Inc.* was whether the appellate court – as opposed to the district court – had the power to dismiss a dispensable, non-diverse party. 490 U.S. at 830. Rather than dismiss the case, the Court of Appeals panel granted Newman-Green's motion, which it had invited, to amend the complaint to drop the dispensable, non-diverse party, thereby producing complete diversity under §1332(a)(2). The Supreme Court affirmed the action taken by the court of appeals.

In the instant case, in the event this Court finds she is a "stateless" citizen, Mrs. Dietz – without providing any factual or jurisdictional support for her request – requests that this Court dismiss her from this lawsuit pursuant to Rule 21[6] of the Federal Rules of Civil Procedure as a dispensable, non-diverse party so as to maintain the action between plaintiff and "the primary defendant, Richard Morrison."

First, this Court notes a motion to drop a party as a defendant pursuant to Rule 21 is left to the sound discretion of the trial court. *See Williams v. Hoyt,* 556 F.2d 1336, 1341 (5th Cir.1977) ("[t]he district court has broad discretion in determining the propriety of joining or continuing a

---

[5] Federal Rule of Evidence 201 allows a court to take judicial notice of an "adjudicative fact" if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir.1998). Thus, Rule 201 authorizes the court to take notice only of "adjudicative *facts,*" not legal determinations or findings of fact made by another court. *Taylor*, 162 F.3d at 831. Here, Mrs. Dietz's testimony in the child custody case is not subject to reasonable dispute, as it is capable of accurate and ready determination by resort to the trial transcript of that case, the accuracy of which cannot be questioned.

[6] Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21.

6

particular party as a defendant."). Furthermore, review of the plaintiff's complaint shows Mrs. Dietz is not a "dispensable" party in this action, nor has Mrs. Dietz provided this Court with any factual support for her argument that she is one. Under Rule 19(b) of the Federal Rules of Civil Procedure, in order to determine whether a party is indispensable to an action, a court must consider the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See Dayton Independent School Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1067 (5th Cir. 1990).

In the instant case, a review of the plaintiff's petition shows the plaintiff has sued Mr. Morrison and Mrs. Dietz as co-conspirators in a scheme to defame and extort him, and to inflict severe emotional distress. Plaintiff specifically alleges in Paragraph 45 of his petition that "at all times pertinent, [d]efendants Anne Morrison Dietz and Richard Morrison were working in concert and conspiracy in the events set forth above."[7] Thus, the allegations made throughout the petition are lodged against both Mr. Morrison and Mrs. Dietz, and where allegations of wrongdoing are made against Mr. Morrison alone, such wrongdoing is alleged to have been undertaken at the behest of Mrs. Dietz or on her behalf. Therefore, Mrs. Dietz is alleged to have been an active participant in the alleged scheme to wrong the plaintiff. As such, this Court concludes a judgment rendered in Mrs. Dietz's absence would be prejudicial to the plaintiff, and, potentially, to Mr. Morrison, as Mrs. Dietz is alleged to have been a co-conspirator in all allegations of wrongdoing. Additionally, this

---

[7] *See* Doc. 1, plaintiff's Petition, ¶45.

7

Court concludes the plaintiff would not be afforded adequate relief were the case dismissed for nonjoinder.

However, remand of this matter would permit the case to proceed with all parties. Indeed, *Newman-Green, Inc.* allowed a party to be dismissed so that the case could proceed; remand would allow this case to proceed with all parties in the forum in which it was originally filed.

Thus, for the foregoing reasons, this Court concludes it lacks subject matter jurisdiction over the instant case. Therefore, the case is REMANDED to the 15th Judicial District Court for the Parish of Vermilion, Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana this 3 day of November, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 11/3/09
BY
TO